In the Matter of WILLIAM H. KEHOE, an Attorney, Respondent.

First Department, January 13, 1928.

Attorney and client — disciplinary proceedings — respondent was convicted of misdemeanor on charge of conspiring to admit bootleg milk into New York city — respondent is disbarred.

Respondent, an attorney, was convicted of a misdemeanor, the crime of conspiracy. The charge was based upon an alleged conspiracy whereby, for the consideration of one dollar per can, respondent's co-conspirator was permitted

to ship cream into New York city, the source of supply of which had not been approved by the board of health of the department of health of the city of New York.

The respondent was formerly connected with the office of the corporation counsel and was assigned to the department of health, and had charge of the prosecution of persons accused of violating provisions of the Sanitary Code. After leaving the corporation counsel's office and entering private practice, his co-conspirator, whom he had previously prosecuted, retained him as an attorney and the conspiracy agreement was entered into. The respondent entered into the conspiracy willfully and deliberately and with full knowledge of what he was doing. The respondent is disbarred.

DISCIPLINARY proceedings instituted by the Association of the Bar of the City of New York.

*Einar Chrystie*, for the petitioner.

*M. Michael Edelstein*, for the respondent.

DOWLING, P. J. The respondent was admitted to the bar in June, 1910, in the New York Supreme Court, Appellate Division, Second Department.

On August 12, 1926, he was convicted of a misdemeanor — the crime of conspiracy — in the Court of General Sessions and was sentenced to imprisonment in the penitentiary of the county of New York, there to be dealt with according to law. His conviction has since been affirmed by this court (*People* v. *Kehoe*, 220 App. Div. 826) and by the Court of Appeals, November 22, 1927 (246 N. Y. 592).

The conspiracy charged against respondent by the indictment, and of which he was found guilty, was to commit an act injurious to the public health, for the perversion and obstruction of justice and of the due administration of the law, in that the conspirators unlawfully and corruptly agreed and conspired to permit the bringing into, and possession for sale for human consumption in the city of New York, of cream, the source of supply of which had not been approved by the board of health of the department of health of the city of New York, and to suppress and prevent the lawful prosecution and punishment of one Samuel Doner, a wholesale dealer in cream and distributor thereof to jobbers in New York city. In furtherance of this conspiracy Doner, in February, 1924, brought unlawfully, pursuant to said conspiracy, into the city of New York, 800 cans of cream from sources of supply which had not been approved by the board of health, and paid respondent thereupon the agreed amount of $1 per can, or $800 in all, for his services in the conspiracy.

18

The conspiracy was one which affected vitally the health of the citizens of New York city, in subjecting it to the risk of contamination from unauthorized sources. The respondent, from his experience and past connections with the department, had full knowledge of the gravity of the conspiracy to defy the law into which he was entering for a corrupt consideration. He had been for a number of years an assistant corporation counsel of the city of New York, assigned and detailed to the department of health, and as such it was his duty to prosecute persons charged with violating provisions of the Sanitary Code or the rules and regulations of that department. From this position he resigned to become a clerk to a justice of the Supreme Court, and upon the death of the latter, he returned to the practice of the law. In that practice he utilized the information gained during his service with the city, and represented persons, firms and corporations engaged in the sale of food in New York city, especially wholesalers and jobbers, and among his clients was Samuel Doner.

Respondent was no novice, falling by chance into the ranks of conspirators to him unknown. He entered into the plan to aid in the violation of the Sanitary Code and the regulations of the department of health, knowingly, deliberately and corruptly, and reckless of what the consequences might be to the health of the inhabitants of the city. He used his experience and acquaintanceship gained in his service with the city to act corruptly in the practice of his profession. He had first met and prosecuted in his official capacity Samuel Doner, whom he later represented as attorney and whose fellow conspirator he became as the result of a conversation between them when Doner went to Kehoe to see how he could bring into New York " bootleg cream," and Kehoe told him it would cost him (Doner) a dollar a can to bring it in, whereupon Doner would not be bothered by any inspector, and there would be no trouble. The dollar a can was to be paid weekly to Kehoe at his law office, and that was the way the payment was in fact made.

It is obvious that an attorney who engages in such practices as these is unfit to remain a member of the legal profession and he, therefore, should be disbarred

FINCH, McAVOY, MARTIN and O'MALLEY, JJ., concur.

Respondent disbarred.